IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Faye L. Irey, | ) | Case No. 23-22230 GLT |
|     Debtor(s) | ) | Chapter 13 |
| | ) | Related Docket No. 91 |
| | ) | |
| | ) | |
| Faye L. Irey, | ) | |
|     Movant(s) | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Ronda J. Winnecour, Trustee, | ) | |
|     Respondent(s) | ) | |

## **STATUS REPORT**

AND NOW, come the Debtor, Faye L. Irey, by and through her attorney Christopher M. Frye, Esq., and Steidl and Steinberg, and respectfully represents as follows:

1. The Debtor is required to file a status report to update the Court and creditors on the status of the sale of two parcels of real property and other case updates pursuant to Docket No. 91.

2. As the Court is aware. the buyer procured an appraisal of the 22 acre parcel ("larger parcel") in the amount of $135,000.00 on an offer of $90,000.00. The buyer also procured an appraisal of the 19 acre parcel ("smaller parcel") in the amount of $90,000.00 on an offer of $10,000.00.

3. Since the last sale hearing, Debtor's counsel conferred with an appraiser, who counsel refers a great many bankruptcy related matters to, with

respect to the aforementioned appraisals and purchase offers. This independent appraiser believes that the offer of $90,000.00 for the larger parcel seems reasonable based on similar sized sales of similar tracts of land in that general area. His belief was that the max sale price would be $100,000.00 but only after listing and sufficient marketing. Based on the cost of doing the same, the Debtor believes that $90,000.00 is a fair offer for the larger parcel.

4. After review, the independent appraiser found a 2023 sale of 17 acres of similarly situated acreage to that of the smaller parcel in the amount of $34,000.00. For that reason, his belief was that the $10,000.00 offer is low with respect to the smaller parcel but the $90,000.00 appraisal was unreasonably high.

5. Debtor's counsel will work with counsel for the buyer on the smaller parcel to see if an agreement can be reached to increase the offer to an amount sufficient to satisfy the Court and all parties that a fair and reasonable sale price is met.

6. With respect to other aspects of the case, how the case proceeds will be dependent on the ultimate sale price of the two pending sales and how that impacts the amount necessary to pay 100% top unsecured creditors going forward. As stated previously, there are some antique vehicles and possibly some other real estate that may be listed and sold in order to accomplish this goal if the ongoing monthly payments and the two pending sales will not be enough to complete the plan.

WHEREFORE, the Debtor, Faye L. Irey, respectfully files this Status Report.

Respectfully submitted,

October 28, 2024  
DATE

/s/ Christopher M. Frye  
Christopher M. Frye, Esquire  
Attorney for the Debtor

STEIDL & STEINBERG  
Suite 2830 – Gulf Tower  
707 Grant Street  
Pittsburgh, PA  15219  
(412) 391-8000  
ken.steidl@steidl-steinberg.com  
PA I. D. No. 208402