FILED
5/22/26 8:40 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | : Case No. 23-22230-GLT |
| | : |
| **FAYE L. IREY**, | : Chapter 13 |
| | : |
| *Debtor.* | : Related to Dkt. No. 148 |
| | : |

**ORDER GRANTING TRUSTEE'S REQUEST
FOR CONVERSION, SUBJECT TO CONDITIONS**

The Debtor is now in month 31 of what was intended to be a sale-based chapter 13 plan. The confirmed plan contemplated the sale of both real and personal property to fund the Debtor's plan base because the monthly payment alone is insufficient to do so. Although the Debtor continued making the existing monthly payment of $4,972, the anticipated sales have yet to occur.

At the request of the chapter 13 trustee, the Court conducted a status conference on May 20, 2026. The Debtor's power of attorney appeared and advised that a local investor may be interested in purchasing the real property. The power of attorney also represented that the Debtor's Roadster automobile was nearly ready for sale following the installation of a replacement part. While these developments may ultimately prove productive, the record presently contains no evidence establishing that either sale is imminent or reasonably certain to occur. As matters currently stand, the plan remains underfunded without the proceeds of these assets.

Under 11 U.S.C. §1307(c), the Court may dismiss or convert a chapter 13 case for cause, whichever is in the best interests of creditors of the estate. Cause includes "unreasonable delay by the debtor that is prejudicial to creditors."[1] For the reasons stated above, the Court finds

---

[1]    11 U.S.C § 1307(c)(1).

that cause exists to convert this case to chapter 7. Here, more than 30 months have elapsed in a case built around asset sales that remain incomplete. The Court also deems conversion to be in the best interests of creditors because the Debtor has nonexempt assets that could generate a dividend to general unsecured creditors if properly administered by a chapter 7 trustee.

Notwithstanding the Court's ruling, it will suspend the effective date of conversion to provide the Debtor one final opportunity to salvage this chapter 13 case. If the Debtor is able to increase the plan payment, the Court *may* consider rescinding this Order.

For the reasons stated herein and on the record at the May 20, 2026 hearing, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1.      The trustee's request to convert the case [Dkt. No. 147] is **GRANTED**, but the conversion shall not take effect pending the Debtor's timely submission of plan payments in an amount no less than $7,256/month, or such other amount calculated by the trustee to complete the plan base at the end of the plan term.

2.      The Debtor shall file a status report by June 30, 2026 identifying any progress made in her effort to liquidate any of her remaining assets.

3.      Debtor's counsel shall serve a copy of this Order on the Debtor and file a corresponding certificate of service.

Dated:  May 21, 2026

GREGORY L. TADDONIO    sec
CHIEF UNITED STATES BANKRUPTCY JUDGE

Case administrator to serve:
Debtor

2

United States Bankruptcy Court

Western District of Pennsylvania

In re:                                                                                                    Case No. 23-22230-GLT

Faye L. Irey                                                                                         Chapter 13

      Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2 | User: auto | Page 1 of 2

Date Rcvd: May 22, 2026 | Form ID: pdf900 | Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol**      **Definition**

+           Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 24, 2026:**

**Recip ID**           **Recipient Name and Address**
db             +   Faye L. Irey, C/o Melanie Sandrock, POA, 1637 Princess Lane, Pittsburgh, PA 15236-3637

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 24, 2026          Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 22, 2026 at the address(es) listed below:**

**Name**           **Email Address**

Allison L. Carr

     on behalf of Defendant PA Department of Revenue acarr@attorneygeneral.gov

Allison L. Carr

     on behalf of Creditor Commonwealth of Pennsylvania Department of Revenue Bureau of Compliance acarr@attorneygeneral.gov

Christopher M. Frye

     on behalf of Debtor Faye L. Irey chris.frye@steidl-steinberg.com
julie.steidl@steidl-steinberg.com;todd@steidl-steinberg.com;r53037@notify.bestcase.com;rlager@steidl-steinberg.com;awerkmeister@steidl-steinberg.com;bwilhelm@steidl-steinberg.com

Christopher M. Frye

     on behalf of Plaintiff Faye L. Irey chris.frye@steidl-steinberg.com
julie.steidl@steidl-steinberg.com;todd@steidl-steinberg.com;r53037@notify.bestcase.com;rlager@steidl-steinberg.com;awerkmeister@steidl-steinberg.com;bwilhelm@steidl-steinberg.com

James R. Wood

     on behalf of Creditor Ringgold School District jwood@portnoffonline.com  jwood@ecf.inforuptcy.com

District/off: 0315-2                              User: auto                                    Page 2 of 2
Date Rcvd: May 22, 2026                          Form ID: pdf900                               Total Noticed: 1

Kenneth Steidl
                    on behalf of Debtor Faye L. Irey julie.steidl@steidl-steinberg.com
                    ken.steidl@steidl-steinberg.com;ifriend@steidl-steinberg.com;asteidl@steidl-steinberg.com;todd@steidl-steinberg.com;rlager@st
                    eidl-steinberg.com;awerkmeister@steidl-steinberg.com;bwilhelm@steidl-steinberg.com

Keri P. Ebeck
                    on behalf of Creditor Hidden Valley Foundation  Inc. kebeck@metzlewis.com, btemple@metzlewis.com

Matthew Fissel
                    on behalf of Creditor PNC BANK  NATIONAL ASSOCIATION bkgroup@kmllawgroup.com, wbecf@brockandscott.com

Office of the United States Trustee
                    ustpregion03.pi.ecf@usdoj.gov

Ronda J. Winnecour
                    cmecf@chapter13trusteewdpa.com


TOTAL: 10